1   SHARON L. NELSON
    Nevada Bar No. 6433
2   NICHOLAS HAMILTON
    Nevada Bar No. 10893
3   NELSON LAW
    401 N. Buffalo Drive, Suite 100
4   Las Vegas, Nevada 89145
    Telephone:     (702) 247-4529
5   Facsimile:     (702) 737-4529
    Attorneys for Plaintiff
6   GREGORY ROBERTSON

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9   GREGORY J. ROBERTSON,                    Case No.:

10                 Plaintiff,
                                             **COMPLAINT**
11  vs.
                                             **[JURY TRIAL DEMANDED]**
12  WYNN LAS VEGAS, LLC, a limited liability
    company;

13                 Defendant.

14

15       Plaintiff GREGORY J. ROBERTSON (hereinafter referred to as "Plaintiff"), by and

16  through his counsel, Sharon L. Nelson and Nicholas L. Hamilton of Nelson Law, hereby alleges

17  and states against WYNN LAS VEGAS, LLC, a limited liability company, (hereinafter referred

18  to as "Defendant") as follows:

19                        **GENERAL ALLEGATIONS**

20       1.       At all times relevant herein, Plaintiff was an individual residing in the State of

21  Nevada.

22       2.       At all times relevant herein, Defendant was a limited liability company doing

23  business and licensed to conduct business in the State of Nevada.

24

3.   All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, acting by and through their agents and employees. Said acts and/or failures to act were within the scope of said agency and/or employment, and the Defendant ratified said acts and/or omissions.

4.   At all times relevant herein, Defendant employed over twenty (20) employees.

5.   At all times relevant herein, Plaintiff was employed as a showroom carpenter by Defendant and had been so employed since 2004.

6.   In February 2009, Plaintiff complained to his supervisor, Mike Herbert ("Herbert"), that he witnessed another carpenter, Berry Lantrip ("Lantrip"), touching women inappropriately and making degrading comments to them.

7.   When Lantrip's inappropriate behavior continued, Plaintiff repeatedly complained to Herbert.

8.   Herbert claimed that Lantrip would be warned and if his behavior continued, he Lantrip would be suspended.

9.   Lantrip continued in his behavior, so Plaintiff again complained to Herbert.

10.   In March 2009, Plaintiff was told to attend a meeting with the head of the theater, Dale Hurt ("Hurt"), and Lantrip.

11.   Plaintiff told Hurt that if nothing was done about Lantrip's behavior, Plaintiff would be filing a complaint with human resources.

12.   After Plaintiff's conversations with Hurt, Hurt was constantly watching to see if he could find something wrong with Plaintiff's work and screaming at Plaintiff.

13. When still nothing was done about Lantrip's behavior, Plaintiff filed a sexual harassment complaint with human resources against Lantrip and informed human resources that he had recorded the meeting between himself, Hurt and Lantrip.

14. On March 26, 2009, Plaintiff was suspended pending investigation because he had recorded the meeting.

15. On April 10, 2009, Plaintiff was terminated.

16. The conduct to which Plaintiff was subjected was retaliatory in violation of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII").

17. Plaintiff has satisfied all administrative prerequisites and has received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission.

18. This Court may exercise supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they are so related that they form part of the same case and controversy

## FIRST CAUSE OF ACTION
### (Retaliation in violation of Title VII and NRS 613.330)

19. Plaintiff repeats and realleges paragraphs 1-18 by this reference the same as though fully set forth herein.

20. Plaintiff complained to his employer about sexual harassment.

21. Shortly after Plaintiff's complaint about sexual harassment, he was subjected to suspension and other conduct adverse to his employment including termination.

22. The adverse conduct in which Defendant and its employees engaged towards Plaintiff was a direct result of his complaint about sexual harassment.

23. Defendant has no legitimate business reason which is not pretextual for Plaintiff's termination.

24.    On information and belief, other employees of Defendant have tape recorded communications in the workplace, Defendant was aware either during or after the fact of such tape recording, and did not terminate those employees.

25.    The treatment to which Plaintiff was subjected was retaliatory in violation of Title VII and NRS 613.330.

26.    Plaintiff has suffered and will continue to suffer irreparable injury caused by the conduct of Defendant and its employees.

27.    As a direct and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

28.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Negligent Training and/or Supervision)

29.    Plaintiff repeats and realleges paragraphs 1-28 by this reference the same as though fully set forth herein.

30.    Defendant has a duty to properly hire, train and supervise its employees.

31.    Defendant's duty to properly hire, train and supervise extends to all persons, including Plaintiff, in its employ.

32.    Defendant failed to properly hire, train and supervise its agents, servants or employees herein, including but not limited to, Lantrip, Herbert and Hurt.

33.    As a direct and proximate result of the breach of said duty, Defendant's agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to retaliation in violation of Federal Law.

1    34.    As a result of Defendant's conduct, Plaintiff is entitled damages in an amount in

2  excess of $10,000.00

3    **WHEREFORE**, Plaintiff requests the following relief:

4    1.  Actual and general damages in excess of $10,000.00;

5    2.  Punitive and exemplary damages where appropriate in excess of $10,000.00;

6    3.  Statutory damages as allowed by law in excess of $10,000.00;

7    4.  Liquidated damages in excess of $10,000.00;

8    5.  Equitable relief;

9    6.  Attorney's fees, costs and expenses;

10    7.  For such other relief as the Court deems just and equitable.

11  Dated this  4  day of March 2010.

12                                    **NELSON LAW**

13

14                        _Nicholas Hamilton_
                            SHARON L. NELSON
15                          Nevada Bar No. 6433
                            NICHOLAS L. HAMILTON
16                          Nevada Bar No. 10893
                            NELSON LAW
17                          401 N. Buffalo Drive, Suite 100
                            Las Vegas, Nevada 89145
18                          Attorneys for Plaintiff,
                            GREGORY J. ROBERTSON
19  //

20  //

21  //

22

23

24

1

## JURY DEMAND

2    Plaintiff hereby demands a jury trial.

3    Dated this _____4_____ day of March 2010.

4                                     **NELSON LAW**

5

6                              _Nicholas Hamilton_
                               SHARON L. NELSON
7                              Nevada Bar No. 6433
                               NICHOLAS L. HAMILTON
8                              Nevada Bar No. 10893
                               NELSON LAW
9                              401 N. Buffalo Drive, Suite 100
                               Las Vegas, Nevada 89145
10                             Attorneys for Plaintiff,
                               GREGORY J. ROBERTSON
11

12

13

14

15

16

17

18

19

20

21

22

23

24