KAMER ZUCKER ABBOTT
Edwin A. Keller, Jr.        #6013
R. Todd Creer               #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Wynn Las Vegas, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY J. ROBERTSON, | Case No. 2:10-cv-00303-RCJ-LRL |
| Plaintiff, | |
| vs. | **DEFENDANT'S PARTIAL MOTION TO DISMISS** |
| WYNN LAS VEGAS, LLC, a limited liability company, | |
| Defendant. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wynn Las Vegas, LLC, by and through its counsel of record, the law firm of Kamer Zucker Abbott, moves to dismiss Plaintiff's negligent training and/or supervision claim based on his failure to state a claim upon which relief can be granted. This Motion is based upon the attached memorandum of points and authorities, the Complaint on file herein, and any argument the Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION.**

Plaintiff Gregory Robertson filed his Complaint against Defendant Wynn Las Vegas, LLC on March 4, 2010, and subsequently served the same on March 10, 2010. In his Complaint, Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by retaliating against him after he complained about sexual harassment directed at other employees

1  and that Defendant engaged in negligent training and/or supervision of its employees. <u>See</u>
2  Complaint. Based upon these allegations, Plaintiff seeks, among other things, general and
3  punitive damages and equitable relief. <u>See</u> Complaint at 5.

4  As set forth below, Plaintiff's claim for negligent training and/or supervision should be
5  dismissed for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's
6  claim improperly seeks relief by way of a state tort action for alleged conduct that is premised
7  exclusively on rights and obligations under a federal statute (Title VII) that do not exist under
8  Nevada common law. Moreover, Plaintiff's Complaint is devoid of any allegation or factual
9  content that Plaintiff suffered physical harm or injury as required for a claim of negligent
10 training and/or supervision in Nevada. Consequently, as Plaintiff fails to state a claim upon
11 which relief can be granted, dismissal of Plaintiff's negligent training and/or supervision claim is
12 appropriate here.

13 **II.   LEGAL ANALYSIS.**

14     *A.   Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).*

15 A court may dismiss a plaintiff's complaint if the complaint "fails to state a claim upon
16 which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must
17 provide "a short and plain statement of the claim showing that the pleader is entitled to relief."
18 Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While a
19 pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a
20 right to relief above the speculative level." <u>Id.</u> A complaint fails to allege sufficient facts to
21 raise a right to relief above the speculative level if it contains nothing more than "labels and
22 conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>,
23 129 S. Ct. 1937, 1949 (2009).

24 In order to survive a motion to dismiss, a complaint must contain "sufficient factual
25 matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u> A claim has
26 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
27 reasonable inference, based on the court's judicial experience and common sense, that the
28 defendant is liable for the misconduct alleged. <u>Id.</u> "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted).

While the court must accept as true all factual allegations in the complaint, the court does not have to assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. Id. When there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. Ultimately, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

### B.  Plaintiff's Claim Should be Dismissed Because No Such Cause of Action Exists Under Nevada Common Law.

In Nevada, an employer has a duty to use reasonable care in training, supervising, and retaining its employees to make sure that its employees are fit for their positions. Blanck v. Hager, 360 F. Supp. 2d 1137, 1157 (D. Nev. 2005); Hall v. SSF, Inc., 112 Nev. 1384, 1393, 930 P.2d 94, 99 (Nev. 1996). The tort of negligent training and supervision imposes direct liability on the employer if: (1) the employer knew that the employee acted in a negligent manner; (2) the employer failed to train or supervise the employee adequately; and (3) the employer's negligence proximately caused the employee's injuries. Helle v. Core Home Health Servs. of Nev., No. 48427, 2008 WL 6101984, at *3 (Nev. Nov. 20, 2008). Negligent training and/or supervision claims most often arise when an employee harms a third party and the injury would not have occurred had the employer exercised reasonable care. Lucey v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., No. 2:07-cv-00658-RLH-RJJ, 2009 WL 971667, at *7 (D. Nev. Apr. 9, 2009); Vinci v. Las Vegas Sands, Inc., 115 Nev. 243, 244, 984 P.2d 750, 751 (Nev. 1999).

In the present case, Plaintiff's claim for negligent training and/or supervision should be dismissed because it constitutes nothing more than an improper "repackaging" of his Title VII

statutory claim. Indeed, Plaintiff's claim for negligent training and/or supervision is premised upon nothing more than his allegations of retaliation under Title VII and provides nothing more than the "formulaic recitation of the elements of [the] cause of action." Specifically, Plaintiff contends that "Defendant has a duty to properly hire, train and supervise its employees...Defendant failed to properly hire, train and supervise its agents, servants or employees" and as "a direct and proximate result of the breach of said duty, Defendant's agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to retaliation *in violation of Federal law*." See Complaint at ¶¶ 30-33 [emphasis added]. On the other hand, Plaintiff fails to identify any common law duty or breach of the same by Defendant resulting in harm to Plaintiff.

In a traditional negligence action, a plaintiff must prove the existence of a duty of care owed by the defendant to him, a breach of that duty by the defendant, and damage to the interests of the plaintiff proximately caused by the breach. Griffin v. Acacia Life Ins. Co., 925 A.2d 564, 575-79 (D.C. 2007). The cause of action for negligent supervision recognizes that an employer owes specific duties to third persons based on the conduct of its employees. Id. In particular, the common law imposed the following duties on employers: (1) the duty to provide a safe place to work; (2) the duty to provide safe appliances, tools, and equipment for the work; (3) the duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance; (4) the duty to provide a sufficient number of suitable fellow servants; and (5) the duty to promulgate and enforce rules for the conduct of employees, which would make the work safe. Id. at 576 (citing Prosser & Keeton on Torts § 80, at 569 (5th ed.1984)). Noticeably absent from these common law duties is the duty to prevent retaliation under Title VII. Indeed, retaliation is a statutory cause of action, the prevention of which is *not* a common law duty imposed on employers. See id.; see also Hays v. Patton-Tully Trans. Co., 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993).

The inability of an employee to base his common law negligent supervision claim against his employer on a violation of anti-discrimination statutes was recently examined by the District

statutory claim. Indeed, Plaintiff's claim for negligent training and/or supervision is premised upon nothing more than his allegations of retaliation under Title VII and provides nothing more than the "formulaic recitation of the elements of [the] cause of action." Specifically, Plaintiff contends that "Defendant has a duty to properly hire, train and supervise its employees...Defendant failed to properly hire, train and supervise its agents, servants or employees" and as "a direct and proximate result of the breach of said duty, Defendant's agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to retaliation *in violation of Federal law*." See Complaint at ¶¶ 30-33 [emphasis added]. On the other hand, Plaintiff fails to identify any common law duty or breach of the same by Defendant resulting in harm to Plaintiff.

In a traditional negligence action, a plaintiff must prove the existence of a duty of care owed by the defendant to him, a breach of that duty by the defendant, and damage to the interests of the plaintiff proximately caused by the breach. Griffin v. Acacia Life Ins. Co., 925 A.2d 564, 575-79 (D.C. 2007). The cause of action for negligent supervision recognizes that an employer owes specific duties to third persons based on the conduct of its employees. Id. In particular, the common law imposed the following duties on employers: (1) the duty to provide a safe place to work; (2) the duty to provide safe appliances, tools, and equipment for the work; (3) the duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance; (4) the duty to provide a sufficient number of suitable fellow servants; and (5) the duty to promulgate and enforce rules for the conduct of employees, which would make the work safe. Id. at 576 (citing Prosser & Keeton on Torts § 80, at 569 (5th ed.1984)). Noticeably absent from these common law duties is the duty to prevent retaliation under Title VII. Indeed, retaliation is a statutory cause of action, the prevention of which is *not* a common law duty imposed on employers. See id.; see also Hays v. Patton-Tully Trans. Co., 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993).

The inability of an employee to base his common law negligent supervision claim against his employer on a violation of anti-discrimination statutes was recently examined by the District

of Columbia Court of Appeals in <u>Griffin v. Acacia Life Ins. Co.</u>, 925 A.2d 564 (D.C. 2007). There, the court thoroughly analyzed the claim of negligent supervision in the harassment and discrimination context and concluded that such a common law cause of action simply did not exist. The court noted:

> Guided by these principles, we conclude that a common law claim of negligent supervision may be predicated only on common law causes of action or duties otherwise imposed by the common law. "A claim that an employer negligently supervised an employee who has sexually harassed a co-employee does not transmute sexual harassment into a common law tort." <u>Hays</u>, 844 F. Supp. at 1223. To hold otherwise "would be to impose liability on employers for failing to prevent a harm that is not a cognizable injury under the common law." <u>Id.</u>; accord, <u>Demby v. Preston Trucking Co.</u>, 961 F. Supp. 873, 881-882 (D. Md. 1997) (no negligent supervision claim for violations of Title VII); <u>Bryant v. Better Business Bureau</u>, 923 F. Supp. 720, 751 (D. Md. 1996) (no negligent supervision claim for violations of Title VII and the Americans with Disabilities Act); <u>cf.</u> <u>Monsanto</u>, 141 A.D.2d at 515, 529 N.Y.S.2d at 514 (no civil conspiracy claim for violation of the New York Human Rights Law). "The specific public policy involved here - prohibiting sexual harassment - is entirely a creature of statute except to the extent that it is manifested by other actionable wrongful conduct, e.g., assault and battery. . . .Thus, respect for the legislature and its enactments requires that the rights of a victim of non-physical sexual harassment be limited by the remedies which the legislature has provided in the [Human Rights Act]." <u>Maxey v. M.H.M., Inc.</u>, 828 F. Supp. 376, 378 (D. Md. 1993) (discussing the Maryland Human Rights Act).

<u>Griffin</u>, 925 A.2d at 576-77.

Nevada and other courts considering torts brought under the auspices of other federal and state statutes have also generally held that plaintiffs cannot rely on statutes to establish a general tort duty or create independent causes of action where no such common law duty exists. <u>See, e.g.</u>, <u>Chavez v. Sievers</u>, 118 Nev. 288, 291, 43 P.3d 1022, 1024 (Nev. 2002) (refusing to recognize a common law tortious discharge action based upon alleged racial discrimination); <u>Sands Regent v. Valgardson</u>, 105 Nev. 436, 440, 777 P.2d 898, 900 (Nev. 1989) (holding that Nevada's public policy against age discrimination is not sufficiently strong and compelling to warrant another exception to the "at-will" employment doctrine); <u>Westbrook v. DTG Operations, Inc.</u>, No. 2:05-CV-00789-KJD-PAL, 2007 WL 674253, at * (D. Nev. Feb. 28, 2007) (dismissing the plaintiff's negligence per se claim based on violations of the Americans with Disabilities Act

and recognizing the Nevada Supreme Court's limitation of negligence per se claims to violations of buildings codes, traffic statutes, and municipal codes); <u>Reilly v. Alcan Aluminum Corp.</u>, 528 S.E.2d 238 (Ga. 2000) (refusing to create a general tort duty related to age discrimination); <u>Carlson v. Rockwell Space Operations Co.</u>, 985 F. Supp. 674, 691 (S.D. Tex. 1996), <u>aff'd</u>, 132 F.3d 1453 (5th Cir. 1997) (holding that sexual harassment, by itself is "insufficient to state a claim for negligent hiring or supervising") <u>Fischer v. Sears, Roebuck & Co.</u>, 107 Idaho 197, 687 P.2d 587, 589 (Idaho Ct. App. 1984) (holding that the "duty not to discharge an employee because of age is solely a creature of statute; no such duty existed at common-law which would allow prosecution of a claim for wrongful discharge from employment because of age"); <u>Miles v. Martin Marietta Corp.</u>, 861 F. Supp. 73, 74 (D. Colo. 1994) ("plaintiff may not base her public policy wrongful discharge claim on alleged retaliation for filing an OSHA report"); <u>King v. Fox Grocery Co.</u>, 642 F. Supp. 288, 290-91 (W.D. Pa. 1986) (holding that statutory remedy available under OSHA prevented plaintiff from bringing wrongful discharge claim based on allegation that he was discharged for protesting unsafe working conditions). <u>See also</u> **Exhibit 1**, June 26, 2009 Order (dismissing negligent hiring, training, supervision, and retention claim where such claim was predicated only upon statutory duties under Nevada's anti-discrimination laws and not duties owed under common law).

Here, Plaintiff's claim for negligent training and/or supervision, as it is premised only on Title VII retaliation, is not viable as a matter of law. <u>See Griffin</u>, 925 A.2d at 575-79. Allowing Plaintiff's common law cause of action to go forward as alleged by Plaintiff would have the improper potential effect of imposing liability on Defendant for breaching a duty that does not exist under Nevada common law and for alleged harm that is not cognizable under Nevada common law. The duty to prevent retaliation for engaging in protected activity exists solely as the product of statutory creation and does not exist at Nevada common law. Furthermore, federal and state statutes provide wronged employees with specific remedies for violations of the same. <u>See</u> 42 U.S.C. § 1981a; 42 U.S.C. § 2000e-3(a); NRS 613.340(1); NRS 233.170(3)(b)(2). Consequently, Plaintiff should not be allowed to repackage his statutory Title VII retaliation claim as a negligent training and/or supervision claim and seek additional remedies for a claim

that does not exist under Nevada common law. As Plaintiff has failed to allege a claim that exists under Nevada common law, Plaintiff's claim for negligent training and/or supervision should be dismissed by the Court.

### C. Plaintiff's Claim Should be Dismissed Because He Fails to Plead Any Physical Harm or Threat of the Same as Required for Negligent Training and/or Supervision Claims in Nevada.

A negligent supervision claim requires that the plaintiff suffer a physical harm or injury or a threat of the same. See, e.g., Khan v. Reno Newspapers, Inc., No. 97-16854, 1999 WL 604204. at *4 (9th Cir. Aug. 11, 1999) (affirming summary judgment in favor of the employer on negligent supervision claim where there was no evidence of any physical harm inflicted by employees); Hall v. Raley's, No. 3:08-CV-00632-RCJ-VPC, 2010 WL 55332, at *9 (D. Nev. Jan. 6, 2010) (noting that physical harm is necessary for a negligent retention and supervision claim in Nevada); Houston v. Wynn Resorts, No. 2:06-CV-01502-KJD-GWF, 2007 WL 1288813, at *1 (D. Nev. May 1, 2007) (stating that negligent hiring, training, and supervision cases require that the plaintiff suffer a physical harm or injury, not mere economic loss); Blanck v. Hager, 360 F. Supp. 2d 1137, 1157-59 (D. Nev. 2005) (same). No claim for negligent supervision and retention exists for threats of non-physical harm or injury. Hall, No. 3:08-CV-00632-RCJ-VPC, 2010 WL 55332, at *9 n.6.

Here, Plaintiff does not allege any type of physical injury or physical harm suffered as a result of Defendant's alleged negligence, much less provide any factual content as is necessary to survive a motion to dismiss. Instead, Plaintiff at most alleges that he was constantly watched and screamed at by his supervisor and eventually terminated from employment. Notably, however, such allegations are bereft of any allegation of physical harm or injury or threat of the same. As a result, Plaintiff's allegations are insufficient to state a claim to relief "that is plausible on its face." See Iqbal, 129 S. Ct. at 1950. Accordingly, Plaintiff's cause of action for negligent training and/or supervision should be dismissed.

///
///
///

### III. CONCLUSION.

Based on the foregoing, Defendant respectfully requests that Plaintiff's claim for negligent training and/or supervision be dismissed in its entirety for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

DATED this 29th day of March, 2010.

                Respectfully submitted,

                KAMER ZUCKER ABBOTT

By: _____
Edwin A. Keller, Jr.   #6013
R. Todd Creer           #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Wynn Las Vegas, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2010, the undersigned, an employee of Kamer Zucker Abbott, served a copy of the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS** through the electronic case filing system of the United States District Court, District of Nevada on:

> Sharon L. Nelson, Esq.
> Nicholas L. Hamilton
> Nelson Law
> 401 North Buffalo Drive, Suite 100
> Las Vegas, Nevada 89145-0397
>
> Attorneys for Plaintiff

By: _/s/ Laura C. Kelley_
An employee of Kamer Zucker Abbott