# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GREGORY J. ROBERTSON,

       Plaintiff,

    vs.

WYNN LAS VEGAS LLC,

       Defendant.

Case No.: 2:10-cv-00303-GMN-LRL

**ORDER**

## I.     FACTS AND PROCEDURAL HISTORY

### A.     Nature of the Controversy

This case arises out of the termination of an employee after he complained to superiors about the sexual harassment of third persons by a coworker.  Before the Court is Defendant's Partial Motion to Dismiss (ECF No. 5).  For the reasons given herein, the Court denies the motion without prejudice and certifies a question to the Nevada Supreme Court.

### B.     Statement of Facts

Plaintiff Gregory J. Robertson was employed by Defendant Wynn Las Vegas, LLC ("Wynn") as a showroom carpenter from 2004 until he was terminated on April 10, 2009. (Compl. ¶¶ 5, 15, ECF No. 1).  In February 2009, Plaintiff complained to his supervisor, Mike Herbert, that he had witnessed coworker Berry Lantrip touching women inappropriately and making degrading comments to them. (*Id.* ¶ 6).[1]  Plaintiff complained to Herbert again when the

/ / /

---

[1] Plaintiff does not specify whether the alleged victims were coworkers, customers, or off-site strangers. Drawing inferences in Plaintiff's favor for the purposes of a motion to dismiss, the Court should presume Plaintiff means the women were coworkers who were harassed at work.

behavior continued, and although Herbert told Plaintiff that Lantrip would be warned and then suspended if his behavior continued, Lantrip continued to harass women. (*Id.* ¶¶ 7–9).  When Plaintiff complained to Herbert yet again, someone (perhaps Herbert, although the Complaint uses the passive voice) told Plaintiff in March 2009 to attend a meeting with the head of the theater, Dale Hurt, and Lantrip. (*Id.* ¶¶ 9–10).  At that meeting, Plaintiff told Hurt that if nothing was done about Lantrip's behavior, he would file a complaint with the human resources department. (*Id.* ¶ 11).  After the meeting, Hurt began watching Plaintiff closely at work in order to find anything wrong with his performance, and he sometimes "screamed" at Plaintiff. (*Id.* ¶ 12).  Because Lantrip's behavior was not dealt with, Plaintiff filed a sexual harassment complaint against Lantrip with the human resources department and revealed that he had recorded his meeting with Hurt and Lantrip. (*Id.* ¶ 13).  On March 26, 2009, Plaintiff was suspended, ostensibly because he had recorded the meeting, and he was terminated on April 10, 2009, although in the past other employees had recorded workplace communications without being terminated. (*Id.* ¶¶ 14, 15, 24).

### C.    Procedural History

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter ("RTS"). (*Id.* ¶ 17; *see* RTS, ECF No. 18).  The present action is timely.  Plaintiff does not allege the scope of the right-to-sue letter, i.e., which specific claims were filed with and administratively adjudicated by the EEOC.  Possible claims include hostile workplace environment and retaliation.

Plaintiff sued Wynn in this Court on three[2] causes of action: (1) Retaliation Under Title VII of the Civil Rights Act of 1964; (2) Retaliation Under Nevada Revised Statutes ("NRS")

///

---

[2] The Complaint lists two causes of action, but the "first" cause of action in fact consists of two separate causes of action arising out of parallel federal and state statutes.

613.3[4]0; and (3) Negligent Training and Supervision.  Defendant has moved to dismiss the negligent training and supervision claim.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

## III.   ANALYSIS

Defendant asks that the negligent training and supervision claim be dismissed under Rule 12(b)(6) for failure to state a claim because (1) Plaintiff cannot support a negligent training and supervision claim on an alleged breach of a federal statutory duty,[3] and (2) Plaintiff cannot support such a claim without an allegation of physical harm.  Defendant argues that the negligent training and supervision claim is simply a superfluous, "repackaged" Title VII claim.

### A.    Can Breach of a Statutory Duty Support a Negligent Training and Supervision Claim?

Defendant argues that a negligent training and supervision claim must be based on underlying harm recognized under the common law, and that because the underlying harm in this

/ / /

---

[3] Defendant fails to note that Plaintiff also alleges the breach of state law statutory duties under Chapter 613 that parallel the duties under Title VII. *See* Nev. Rev. Stat. § 613.340(1) (anti-retaliation provision).

1  case (illegal retaliation in employment) is based on a violation of Title VII statutory duties,

2  Plaintiff's claim must be dismissed.

3  Defendant's contention is most strongly supported by *Griffin v. Acacia Life Ins. Co.*, 925

4  A.2d 564 (D.C. 2007).  The *Griffin* Court held that "a common law claim of negligent

5  supervision may be predicated only on common law causes of action or duties otherwise

6  imposed by the common law." *Id.* at 576.  The Supreme Court of Nevada has not addressed the

7  question, but the California Court of Appeals has addressed a similar question.[4]  In *Otrega v.*

8  *Contra Costa Cmty. Coll. Dist.*, the court reversed a trial court's dismissal of non-statutory

9  claims for IIED, wrongful termination, and negligent supervision arising out of an alleged

10  violation of the California Fair Employment and Housing Act. *See* 67 Cal. Rptr. 3d 832, 842 (Ct.

11  App. 2007).  The court ruled that the plaintiff did not have to exhaust administrative remedies as

12  to the non-statutory claims simply because they arose out of statutorily created rights that

13  themselves require administrative exhaustion. *Id.* (citing *Williams v. Housing Auth. of City of*

14  *L.A.*, 17 Cal. Rptr. 3d 374, [388] (Ct. App. 2004)).  The court appears to have assumed that a

15  common law tort, such as negligent supervision, could be based on state statutory duties.

16  Here, Plaintiff has pled negligent training and supervision relating to both state and

17  federal statutory duties.  The Nevada Supreme Court has ruled on neither, but a negligent

18  training and supervision claim can be supported on state statutory duties in California. *See*

19  Ortega, 67 Cal. Rptr. 3d at 842.  The Nevada Supreme Court would likely hold similarly to

20  *Ortega*, and this would be sufficient to support the negligent supervision claim on a Chapter 613

21  violation, regardless of whether the claim can be supported on a Title VII violation.  Defendant

22  may ultimately be correct that the harm arising out of the alleged negligent training and

23

24  [4] "Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996).  The Nevada Supreme Court is more likely to follow the California courts than the District of Columbia courts.

supervision violation is no different from the harm arising out of the alleged Title VII and Chapter 613 violations.  Plaintiff's victory on this point may therefore be purely academic—he cannot recover twice for the same harm—but as a matter of law the Court rules that the negligent supervision claim can be supported on a violation of state statutory duties.[5]  Whether the claim can ever be based on non-physical harm is a separate question.  The Court will not certify the first question to the Nevada Supreme Court.

**B.      Need a Negligent Training and Supervision Claim Include an Allegation of Physical Harm?**

Defendant argues that this type of claim requires that the plaintiff suffer physical harm as a result of the employer's negligence in training or supervising the employee.  Defendant first cites to an unpublished, pre-2007 Ninth Circuit opinion in support.  That case may not be cited to a court within the Ninth Circuit. *See* Fed. R. App. P. 32.1 (prohibiting the courts of appeals from restricting citation to post-2006 "unpublished" opinions for their persuasive value); Ninth Cir. R. 36-3(b)–(c) (retaining the Ninth Circuit's prohibition on citation to pre-2007 unpublished opinions).

Defendant next cites to *Hall v. Raley's*, No. 3:08-CV-00632-RCJ-VPC, 2010 WL 55332 (D. Nev. Jan. 6, 2010) (Jones, J.) for the proposition that such a claim requires physical harm.  In the relevant passage, the court addressed the defendant's argument that physical harm was required by noting that "[s]ome jurisdictions have limited claims for negligent hiring, retention, and supervision to situations involving the threat of physical injury," *id.* at *9, and predicting "that physical harm is necessary for a negligent retention and supervision claim in Nevada," *id.*

Here, unlike in *Hall*, Plaintiff does not complain of harm from sexual harassment by an

/ / /

---

[5] Whether the claims can be based on a violation of federal statutory duties is a more difficult question that the Court need not address.

employee (Lantrip).  He complains of harm from his termination by an employee (Hurt).  The question is not whether the negligent training and supervision claim fails because Plaintiff suffered no physical harm from the harassment itself—the facts in *Hall*—but whether the claim fails because Plaintiff suffered no physical harm from his firing.  The present case is therefore factually distinguishable from *Hall*, but not materially so.  Sexual harassment and retaliation are both intentional torts typically involving no physical harm.  If *Hall* is correct, then unless there is case law indicating that a negligent training and supervision claim can lie without physical harm based on a statutorily illegal termination, the general rule that physical harm is necessary to support a negligent retention and supervision claim should control. *See, e.g.*, *Houston v. Wynn Resorts*, 2:06-CV-01502-KJD-GWF, 2007 WL 1288813, at *1 (D. Nev. May 1, 2007) (Dawson, J.) (granting summary judgment to a defendant on a plaintiff's negligent hiring, training, and supervision claim based on a violation of the Family Medical Leave Act).  Another court of this District has also held that Nevada's economic loss doctrine bars negligent supervision and retention claims without personal injury, property damage, or an intentional tort. *See Blanck v. Hager*, 360 F. Supp. 2d 1137, 1159 (D. Nev. 2005) (Pro, C.J.) (citing *Local No. 226 v. Stern*, 651 P.2d 637, 638 (Nev. 1982)).

In response, Plaintiff cites to *Lambey v Nevada ex rel. Dep't of Health & Human Servs.*, No. 2:07-cv-1268-RLH-PAL, 2008 U.S. Dist . LEXIS 51155 (D. Nev. July 3, 2008) (Hunt, C.J.) for the proposition that a negligent training and supervision claim need not include a claim of physical harm.  The *Lambey* court refused to dismiss a negligent training, supervision, and retention claim based on the alleged inadequate training of supervisors in handling sexual harassment complaints. *See id.* at *9–11.  As in *Hall*, the negligence claim in *Lambey* was based on the sexual harassment itself, which the plaintiffs alleged was the result of the negligence of the employer in training and supervising the harasser.  Here, the negligence claim is based on

1  Plaintiff's termination, which Plaintiff alleges was the result of the negligence of the employer in

2  training and supervising the person who terminated him after he reported sexual harassment by

3  another employee.  Again, this variation in the fact pattern is not material to the question before

4  the Court, because none of these situations involved physical harm to the respective plaintiffs.

5  The *Lambey* court did not address this question, because apparently the defendant in that case did

6  not raise the issue. *See id.*

7          Plaintiff's additional citations do not answer the question.  Plaintiff cites to additional

8  cases noting that Nevada permits intentional infliction of emotional distress ("IIED") claims

9  based on employment termination even when a statutory remedy exists.  But Plaintiff has not

10  brought an IIED claim (which requires intent or recklessness), and the question remains whether

11  the claim he has brought (which requires only simple negligence) requires physical harm.

12  Finally, Plaintiff cites to *Morsovillo v. Clark County*, No. 2:07-cv-01011-LRH-RJJ, 2009 U.S.

13  Dist. LEXIS 105841 (D. Nev. Nov. 12, 2009) (Hicks, J.).  The *Morsovillo* court denied summary

14  judgment to the defendant employer on a negligent supervision claim based on the employee's

15  alleged retaliation against Plaintiff in violation of Title VII. *See id.* *22–24.  However, in noting

16  the duty employers have to properly train and supervise their employees, the *Morsovillo* court

17  cited to *Hall v. SSF, Inc.*, 930 P.2d 94 (Nev. 1996), which involved a violent incident with a bar

18  bouncer. *See id.* at 99.  Since the briefs were filed, a court of this District has denied summary

19  judgment on a negligent training and supervision claim arising out of a Title VII hostile work

20  environment claim. *See Thoan v. Victoria Partners*, No. 2:09-cv-00073-JCM-GWF, 2010 WL

21  2570714, at *1 (D. Nev. June 24, 2010) (Mahan, J.).

22          The Nevada Supreme Court does not appear to have directly addressed the question.  The

23  courts of this District are in disagreement.  Also, the states are in disagreement.  Some states

24  require physical harm for a negligent training and supervision claim. *See, e.g.*, *Bruchas v.*

1   *Preventive Care, Inc.,* 553 N.W.2d 440, 443 (Minn. Ct. App. 1996).  Some states do not. *See,*

2   *e.g.*, *Kiesau v. Bantz*, 686 N.W.2d 164, 173 (Iowa 2004).  And in at least one state, the workers

3   compensation statutes provide the exclusive remedy for any employer's negligence toward its

4   employees, making common law negligent training and supervision claims by employees against

5   their employers unviable per se. *See Foroughi v. Wal-Mart Stores, Inc.*, No. CV-10-506-PHX-

6   GMS, 2010 WL 2231931, at *3 (D. Ariz. June 2, 2010).

7          Defendant suggests in its reply that the Court, if it does not rule in Defendant's favor,

8   certify the question to the Nevada Supreme Court.  Because the Court finds that the issue "may

9   be determinative of the cause . . . and . . . it appears to [this] court there is no controlling

10  precedent in the decisions of the Supreme Court of this state," Nev. R. App. P. 5, the Court will

11  certify the question to the Nevada Supreme Court.  The Court believes the Nevada Supreme

12  Court's consideration of the question will help settle an important issue of law, as plaintiff

13  employees often bring claims for negligent training and supervision based on a supervisor's

14  alleged Title VII and Chapter 613 violations, without alleging physical harm.

**CONCLUSION**

16         IT IS HEREBY ORDERED that the Partial Motion to Dismiss (ECF No. 5) is DENIED

17  without prejudice.

18         IT IS FURTHER ORDERED that the following question of law is CERTIFIED to the

19  Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

20         **Does a claim for Negligent Training and Supervision in Nevada**
       **require that the plaintiff suffer physical harm as a result of the employer's**
21     **negligence in training or supervising the employee that terminated the**
       **plaintiff?**
22

23  *See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are provided,

24  *supra*, Parts I.A–B. *See* Nev. R. App. P. 5(c)(2)–(3).  Because Defendant is the movant in the

present matter, it is designated as the Appellant, and Plaintiff is designated as the Respondent.

*See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

> **Sharon Nelson and Nicholas L. Hamilton**, attorneys for Plaintiff/Respondent
> Nelson Law Firm
> 401 N. Buffalo Dr., Ste. 100
> Las Vegas, NV  89145
> Phone: 702-247-4529; Fax: 702-737-4529
> Email: snelson@nelsonlawlv.com; nhamilton@nelsonlawlv.com
>
> **Richard T. Creer**, attorney for Defendant/Appellant
> Kamer Zucker Abbott
> 3000 W. Charleston Blvd.
> Las Vegas, NV  89102
> Phone: (702) 259-8640; Fax: (702) 259-8646
> Email: ecf@kzalaw.com

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this

Order, *supra*, Part III.B. *See* Nev. R. App. P. 5(c)(6).

IT IS FURTHER ORDERED that the Clerk shall forward a copy of this Order to the

Clerk of the Nevada Supreme Court under the official seal of the United States District Court for

the District of Nevada. *See* Nev. R. App. P. 5(d).

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE